George Treat, Respondent, v. Charles V. Stuart and S. H. Bowman, Appellants.

GEORGE TREAT, Respondent, v. CHARLES V. STUART and S. H. BOWMAN, Appellants.

The plaintiff in an action of forcible entry and detainer, must show an actual peaceable possession in himself at the time of the entry.

A landlord cannot sue in this form, in his own name, for an unlawful entry upon the possession of his tenant.

The remedy is a summary one, given by statute to protect the possession, and cannot be extended by implication to any other than the real occupants.

APPEAL from the County Court of San Francisco.

Forcible entry and detainer for certain property in San Francisco. Defendants counsel requested the Court to charge the jury that "plaintiff in order to recover must prove an actual possession in himself and not in a tenant, for if a tenant was in possession at the time of the entry the action must be in the tenant's name." The Court refused the charge, and overruled a motion for a new trial, and defendants appealed.

*Brown, Pratt & Tracy*, for Appellants.

The Court should have given the instruction.    Bennet v. Montgomery, 3 Halst., 43.    Yoder v. Carley, 2 Dana, 245.    5 Ib., 125.    3 A. K. Marsh., 127.

*Fenner & Tyler*, for Respondents, cited no authority.

MURRAY, C. J, delivered the opinion of the Court.    HEYDENFELDT, J., concurred.

The plaintiff in an action of forcible entry and unlawful detainer, must show an actual peaceable possession in himself at the time of the entry.    A landlord cannot sue in this form in his own name for an unlawful entry upon the possession of his tenant.

The remedy is a summary one given by statute to protect the possession and cannot be extended by implication to any others than the real occupants.

The refusal of the Court below so to instruct the jury was error.

Judgment reversed, with costs.