BURNS, Respondent, v. PATRICK *et al.*, Appellants.

1. Where a wrongful entry has been made upon premises in the possession of a tenant, he and not his landlord is the proper person to institute and maintain an action of forcible entry and detainer.

2. Where it appears from the face of the record of a cause appealed to the supreme court that the plaintiff has no cause of action, the supreme court will reverse a judgment rendered in his favor, although the point upon which the reversal takes place was not brought to the attention of the lower court.

*Appeal from St. Louis Land Court.*

The complaint is in substance as follows: The plaintiff alleges that the defendants, "with force and strong hand, entered upon and into the following described land and premises [describing it], and broke open the doors and windows and other parts of the dwelling houses on said lot erected, and in which the tenants of this complainant then and there resided, and turned the said tenants of this complainant out of possession of said lot and tenements by force, frightening, threats and other circumstances of terror, which said tenants of this complainant so turned out of possession were [naming them]; and so this complainant charges that said Patrick and Ladd, with force and strong hand, on the day and year aforesaid, turned this complainant out of possession of the lot and tenements aforesaid; and this complainant further charges that the said William Patrick and Attilus A. Ladd detain now and hold, and from the 8th day of November, 1855, have detained and held, the lot aforesaid from your complainant. Wherefore your complainant prays," &c.

*Todd* and *A. S. Jones*, for appellants.

I. The complaint shows that at the time of the alleged entry the tenants of plaintiff were in possession of the premises. The landlord can not maintain the action. (24 Mo. 107; 26 Mo. 216.) The instructions given were erroneous.

*Gray*, for respondent.

I. It is too late to raise the objection that the complaint

shows that the plaintiff's tenants and not the plaintiff were in possession and were forced out of the premises. (See 4 Mo. 445; 8 Mo. 59; 13 Mo. 455.) The utmost liberality is allowed in the construction of causes of action before justices of the peace. (15 Mo. 442; 16 Mo. 154; 20 Mo. 568; 21 Mo. 13; 24 Mo. 533; 25 Mo. 57; 23 Mo. 407.)

Scott, Judge, delivered the opinion of the court.

The plaintiff in this action can not recover on the ground that the defendants wrongfully and without force by disseizin obtained and continued in possession of the premises in dispute after demand made in writing for the deliverance of possession thereof, because there is no proof of any such demand in the bill of exceptions. There is a demand copied among the papers in the cause, but not being embodied in the bill of exceptions it can not be noticed by this court. Moreover, the complaint is so framed as not to bring it within that provision of the statute.

The complaint on which this proceeding is based shows that the plaintiff is not entitled to recover. The complaint is that the tenants of the plaintiff were turned out of possession; and if this was so, then the tenants should have instituted this proceeding. It is no answer to this objection that it was not raised in the court below by demurrer or in arrest of judgment. It is well settled that when a record is brought into this court, and it appears from the face of the record that the plaintiff has no cause of action, the judgment will be reversed, although the point was not made in the court below. This has been long the practice of this court. As liberal as the present practice act is, the defendant, by not taking the exception that the petition does not state facts sufficient to constitute a cause of action by demurrer or answer, does not waive the same. (R. C. 1855, p. 1231, § 2.)

We do not deem it necessary to review other points made in the cause, as they were mostly founded on the language of the various instructions and involved no principle.

Judgment reversed; the other judges concur.