CARMI E. KING *vs.* WILLIAM LAWSON.

An estate at will is terminated by an assignment thereof to a third person.

A. had occupied a shop for several years as tenant at will, part of the time alone, and part of the time with a partner. Finally he sold his goods and business to another person, who took possession thereof and of the premises on a day on which the landlord addressed a notice "to A. or the present occupant." *Held,* that it might be shown by parol that the landlord did not thereby intend to recognize the purchaser as a tenant at will.

An action on the Gen. Sts. *c.* 137, by a tenant for years to recover possession of real estate will not be defeated by the subsequent determination of his estate; but a qualified judgment may be entered which will secure to him his rent and costs.

ACTION on the Gen. Sts. *c.* 137, to recover possession of a shop on Winter Street in Boston, of which the plaintiff was lessee for years, holding under a written lease which expired October 1, 1866. The complaint was dated February 8, 1866.

At the trial in the superior court, before *Russell,* J., the defendant filed an amended answer setting forth that since the commencement of the action the plaintiff's estate in the premises had terminated by its own limitation, and that the defendant was at the time of trial holding the premises under a valid lease from the owners, given at the expiration of the plaintiff's term. These facts were conceded; but the judge ruled that the action did not thereby abate.

It appeared in evidence that the defendant, on the 1st of January 1866, entered into possession of this shop, having just previously purchased the stock in trade, and the business carried on there by one Williams during several years previous, part of the time in his individual name, and part of the time with a partner under the name of Williams & Co., but always as tenant at will to the plaintiff, and making monthly payments to him; that, when the stock was sold to the defendant, Williams remained in the store, and leased the premises by parol to the defendant as his monthly tenant at will. On the 1st of January 1866, the complainant gave the following notice in writing: " Boston, January 1, 1866. S. S. Williams, Esq., Dear Sir: Please take notice, that, from and after the first day of February next, the rent of the premises you now occupy will be three hundred and thirty-three $\frac{33}{100}$ ($333\frac{33}{100}$) per month. Yours, C. E. King. To S. S. Williams, or the present occupant." Rent for the month of January, at the rate then existing, was paid by the check of Lawson, to the order of the plaintiff. This payment was accepted without objection, on the 1st of February.

No notice to quit was given prior to bringing this action; but the defendant admitted that he received oral notice from the plaintiff's counsel of the plaintiff's intention to bring this action, in season to have removed his goods from the premises, nad he been so disposed.

The plaintiff offered evidence to show, and contended, that

the direction of the notice to " S. S. Williams, or the present occupant," was in consequence of his uncertainty as to the true style of the firm, whether " S. S. Williams " or " S. S. Williams & Co.," and that, when first informed of the sale to the defendant, after the 1st of January, he had interviews with both the defendant and Williams, in which he denied the right of Williams to put the defendant into occupation of the premises, and stated that he would not accept, and should not recognize, the defendant as his tenant, except upon condition that the defendant would pay a rent of four thousand dollars per annum, which the defendant refused to pay. There was conflicting evidence as to these conversations, but it was conceded that the defendant and Williams contended that the defendant was the tenant of Williams.

The defendant asked the court to rule, that this action could not be maintained for want of notice to quit; that the tenancy of Williams had never been determined; and that the notice of January 1, and the acceptance of rent on February 1, would operate as a waiver of any objection on the part of the plaintiff to the continuance of the subsisting tenancy of Williams by the defendant's holding under him as his tenant.

The judge declined so to rule, and submitted the case to the jury with instructions not objected to, except as above set forth. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*A. Russ*, for the defendant, cited *Coburn* v. *Palmer*, 8 Cush. 124; *Brown* v. *Kendall*, 13 Gray, 272.

*R. M. Morse, Jr.*, for the plaintiff.

CHAPMAN, J. It appears that Williams was tenant at will to the plaintiff, and sold out his interest to the defendant and put him in possession, claiming that he was the tenant of Williams. This assignment of his estate by Williams operated to terminate his own tenancy. *Cooper* v. *Adams*, 6 Cush. 87. But it gave the defendant no tenancy at will, and he could not assert the rights of a tenant at will as against the plaintiff. The notice of January 1, 1866, was capable of explanation; the evidence which was given tended to explain it, and to show that

it was not a ratification of the assignment of Williams to the defendant, or a waiver of objections to it; and the question was properly left to the jury under instructions.

On the 8th of February 1866, when this action was commenced, the plaintiff had a good cause of action against the defendant. But the plaintiff himself was only a lessee for years, and his term expired October 1, 1866, while the action was pending, and the defendant has held the property since that time under a valid lease from the owners. Of course the plaintiff is not now entitled to possession; and it is contended that he is not entitled to any judgment in his favor. But this matter was considered and settled in *Coburn* v. *Palmer*, 8 Cush. 124. According to the decision in that case the plaintiff is entitled to costs, and to such judgment also as will entitle him to the benefit of his recognizance, and for payment of rent until his estate terminated.                           *Exceptions overruled.*