[No. 5140.]

## HENRY HAMMEL AND ANDREW H. DENKER v. GEORGE ZOBELEIN.

UNLAWFUL DETAINER.—A landlord, who is in the possession of land through his tenant, is not an occupant of the same within the meaning of the second subdivision of Sec. 1160 of the Code of Civil Procedure in relation to unlawful detainers, and cannot maintain an action for an unlawful detainer after a demand made to surrender possession.

UNLAWFUL ENTRY AND DETAINER.—The person whose occupancy of land is through his servants, and who has never been in possession, cannot. maintain an action for an unlawful entry, made during his temporary absence, and a refusal to surrender possession.

APPEAL from the County Court, County of Los Angeles.

The plaintiff alleged in the complaint that, on the 15th day of January, 1876, and for five days previous thereto, they were in the peaceable possession of a tract of land in said county containing one hundred and one half acres, and of the dwelling-house thereon; that on said day, during their absence, the defendants unlawfully entered and took possession, and that on the same day the plaintiffs demanded possession, but the defendant had neglected and refused for five days after demand to deliver possession. There was a second count alleging that the defendant held possession by menaces, and threats of violence. The court found that the plaintiffs were in possession of the premises by their tenants on said day, and that defendants entered in the absence of the tenants from the house, and had refused, after demand, to deliver up possession.

The answer contained a clause admitting that when the defendant entered, on said day, two servants or employees of the plaintiffs were present, and were residing upon a part of the premises, and that on said day the plaintiffs, by

their said employees, were in possession of the premises. The answer also denied that the plaintiffs were ever in possession. The court rendered judgment for the plaintiffs, and the defendant appealed.

*Glassell, Chapman & Smith,* for the Appellant.

The entry of defendant is found to have been made in the presence of plaintiffs' tenants, through whom alone they were in possession. No ouster by defendant is found. *Valencia* v. *Couch,* 32 Cal. 339.)

*Gould & Blanchard,* for Respondents.

By the COURT:

This is an action brought for an alleged constructive forcible detainer, under subdivision 2 of section 1160 of the Code of Civil Procedure.

The court below found that, at the time of the entry of defendant, the premises were in the possession of tenants of the plaintiffs.

The landlord cannot recover in this action, relying on the possession of his tenants.

It is claimed, however, that the answer admits the possession of the plaintiffs; inasmuch as it contains an averment that, at the time of the entry, two servants or employees of the plaintiffs were present, and that said servants were, at the time, residing upon a part of the premises. But the answer also alleges that neither of the plaintiffs ever resided upon the premises or any part thereof.

The court did not find that the plaintiffs ever were in the actual personal occupancy of the premises; and if their occupancy was solely through their servants, plaintiffs cannot claim that they were absent temporarily from the premises, within the meaning of the statute; and unless they were so absent, they cannot recover in this action.

Judgment and order reversed, and cause remanded for a new trial.