L. D. HYDE, Appellant, v. RICHARD FRAHER, Respondent.

Kansas City Court of Appeals, April 11, 1887.

FORCIBLE ENTRY AND DETAINER—OBJECT OF THE ACTION—CASE AD-
JUDGED.—In an action of forcible entry and detainer, the question
is not, who is entitled to the *possession* of the premises; the object
of the action is, to *restore* things to the state *in which they were* be-
fore the forcible entry was made. The *gist* of the action is the
forcible entry, and the *object is restitution* to the one dispossessed.
If a landlord, after the expiration of a lease, *forcibly* enters upon
premises still in the possession of his tenant, the latter can main-
tain an action of forcible entry and detainer against the former.
*Held,* that the landlord, in this case, cannot maintain an action of
forcible entry and detainer for the dispossession of his tenant
during the term of his lease, after the expiration thereof. Where
a tenant is turned out of possession, he alone, and not the landlord,
can maintain an action of forcible entry and detainer.

APPEAL from the Chariton Circuit Court, HON. G.
D. BURGESS, Judge.

*Affirmed.*

The case is stated in the opinion.

A. W. MULLINS, with O. F. SMITH, CRAWLEY &
SON, and W. W. RUCKER, for the appellant.

I.   *The circuit court erred in sustaining the de-
fendant's demurrer to the plaintiff's evidence.* The
plaintiff acquired the actual possession of the land
in question in the month of August or September,
1880, and had the same leased to tenants, who were in
the actual possession under the lease as plaintiff's ten-
ants, when the defendant forcibly entered and took the
possession. The term of the plaintiff's tenants expired
on March 1, 1883, and thereafter, on April 7, 1883, the

plaintiff commenced this suit. The plaintiff's *tenants* were entitled to the possession *up to the end of the term* specified in the lease, March 1, 1883, and, under the decisions of the supreme court of Missouri, the right of action as against the defendant, to regain possession, rested with the tenants *up to the expiration of their lease. McCartney's Adm'r v. Alderson*, 49 Mo. 456; s. c., 45 Mo. 35; *Reed v. Bell*, 26 Mo. 216. But *after the expiration*, or surrender, of the tenants' lease, the right of action accrued to, and was *solely vested in*, the *plaintiff. May v. Luckett*, 48 Mo. 472; *McCartney's Adm'r v. Alderson, supra.*

II. The instruction given by the court, which forced the non-suit, states the grounds upon which it was asked and given, that plaintiff's tenants were in possession when defendant entered, and, therefore, upon that theory of the law, the defendant must "stand or fall" here. *Walker v. Owen*, 79 Mo. 563, 568; *Holmes v. Braidwood*, 82 Mo. 610; *Whetstone v. Shaw*, 70 Mo. 575; *Nance v. Metcalf*, 19 Mo. App. 183, 190; *Loomis v. Railroad*, 17 Mo. App. 340, 353.

S. C. MAJOR, S. P. HUSTON, R. W. GOLDSBY, for the respondent.

I. Where a forcible entry is made on a tenant's possession, followed by a detainer, the *tenant*, and not the *landlord*, must sue. *Burns v. Patrick*, 27 Mo. 434; *Reed v. Bell*, 26 Mo. 216; *McCartney's Adm'r v. Alderson*, 49 Mo. 456.

II. If the tenant *abandon* the premises, or his lease expires, and he leaves the premises, and *after* such abandonment a third party makes a forcible entry thereon, the *landlord* may sue for such forcible entry and detainer, because, whenever the tenant yields the possession, it immediately revests *the actual* possession in his landlord, and a forcible entry thereon is a forcible entry on the *actual* possession of the landlord. *Mc-*

*Cartney's Adm'r v. Alderson*, 49 Mo. 456; *May v. Luckett*, 48 Mo. 472.

III.   In order to give a party a right to maintain forcible entry and detainer there must have been an entry upon his *actual*, as distinguished from his *constructive*, possession.   *Armsburg v. Hendrick*, 67 Mo. 542.

IV.   The action in this case is an action of *forcible entry* and detainer, and our contention is, that the *landlord's* remedy, where a forcible entry has been made on his tenant, is under the second clause of Revised Statutes, 1879, section 2420, for a disseizin, *without force*, as to him, and this form of action requires a *written demand*.   *Hyde v. Goldsby*, *ante*, p. 29, and cases there cited.

HALL, J.—This was an action of forcible entry and detainer.   The plaintiff's tenant was, under his lease, in possession of the premises at the time of the alleged forcible entry.   After the expiration of the term of the lease the defendant, being still in possession of the premises, the plaintiff brought this action of *forcible entry and detainer*.

The single question is presented in this case, can a landlord maintain an action of forcible entry and detainer for the dispossession of his tenant during the term of the lease, after the expiration thereof ?   The circuit court held that the landlord could not maintain such action.

Where a tenant is turned out of possession, he alone, and not the landlord, can maintain an action of forcible entry and detainer.   *Bennett v. Montgomery*, 3 Halls ( N. J.) 48 ; *Commonwealth v. Bigelow*, 3 Pick. 31 ; *Polack v. Shafer*, 46 Cal. 270 ; *Burns v. Patrick*, 27 Mo. 434.   In none of the cases cited does it appear whether or not the term of the lease had expired at the time of the institution of the action.   Had those cases been decided on the ground that the leases had terminated at the time of the institution of the actions, that essential fact

would, no doubt, have been noticed. But in an action of this kind the question is not, who is entitled to the possession of the premises? The object of the action is, to restore things to the state in which they were before the forcible entry was committed. The gist of the action is the forcible entry; the object of the action is restitution to the one dispossessed. The tenant, not the landlord, is entitled to the immediate profits of the land.

That the termination of the lease has no bearing on this question is made clear by the further consideration that, if the landlord, after the expiration of the lease, forcibly enters upon the premises still in the possession of the tenant, the latter can maintain an action of forcible entry and detainer against the former. *Krevet v. Meyer*, 24 Mo. 107. And, of course, the tenant could also maintain such action against a stranger for a forcible entry made after the expiration of the lease, if the premises were, at the time of the forcible entry, in the tenant's possession. If the tenant can maintain an action for a forcible entry committed after the expiration of the term of the lease, how can it be held that the expiration of the term of the lease terminates the right of the tenant to maintain an action for a forcible entry committed during the term of the lease, and gives such right to the landlord?

The judgment is affirmed. Ellison, J., concurs; Philips, P. J., absent.