[No. 4401.   Decided May 2, 1903.]

WILLIAM CUTLER et ux., Appellants, v. CO-OPERATIVE BROTHERHOOD et al., Respondents.

FORCIBLE ENTRY AND DETAINER — ACTION BY TENANT — EXPIRATION OF LEASE — EFFECT.

Although a lease may have expired prior to the trial of an action by the tenant for forcible entry, the tenant may still recover in the same action damages flowing from the forcible entry and detainer, even if he no longer has a right to a precedent judgment for restitution.

Appeal from Superior Court, Kitsap County.—Hon. JOHN C. DENNEY, Judge.   Reversed.

*J. B. Yakey* and *Jesse Thomas,* for appellants.

*Samuel S. Carlisle* and *Charles E. Patterson,* for respondents.

PER CURIAM.—On the 26th day of April, 1900, while appellants were in possession under a lease of a certain tract of land in Kitsap county, the respondents forcibly entered thereon, and took possession of a certain portion thereof, tearing down the boundary fence inclosing the field, and moving the same to where they claimed the line was properly located, thereby exposing the crops of the appellants to the ravages of outside stock by which it was destroyed; whereupon they commenced an action in ejectment against the respondents.   Before the action was tried, appellants' lease had expired, and the lessor had brought

an action in ejectment and obtained a judgment of eject-
ment against the respondents. The appellants asked and
obtained leave of the court to change their complaint from
an action in ejectment to that of forcible entry. It does
not appear that any objection was raised to this motion.
The defendants answered, and the case went to trial.
Upon the completion of appellants' testimony, the respond-
ents, by counsel, challenged the sufficiency of the evidence
introduced on behalf of the plaintiffs, and moved the court
to instruct the jury to return a verdict for defendants,
or for the court to dismiss the case on the ground that no
judgment of restitution could be entered, and consequently
that there could be no claim maintained for damages. The
court sustained the motion, and the case was dismissed.
Judgment for costs was entered, and this appeal followed.
So that the question presented is, can a tenant, whose lease
has expired before the trial of an action which has been
brought for forcible entry, recover for damages flowing
from the forcible entry and detainer, where the landlord
has recovered judgment for the possession of a portion of
the leased land which was taken away from the tenant
during the lease.

It is contended by the respondents that, the action for
forcible entry being a special action, a judgment for resti-
tution must precede a judgment for damages. But all
statutory actions are, in a sense, special actions, and we
think it would be violative of the spirit of the Code to
dismiss a plaintiff out of court, burden him with the costs
of his action, and compel him to commence a separate ac-
tion for damages, when the damages had been sustained be-
fore the commencement of the action. It is true that prob-
ably no writ of restitution could be adjudged under the
testimony adduced in this case, but it is not uncommon

under the practice where one cause of action fails, to allow the case to proceed to judgment on another cause of action. It matters not whether the right invoked had never really existed, or whether it had ceased by some subsequent proceeding or happening. In this case the same issues would have to be tried in a direct action for damages to determine the question of whether the respondents were responsible to appellants for damages, as in an action for forcible entry and detainer, for the damages could be awarded only on the theory that forcible entry and detainer had been committed by the defendants. It would be trifling with the rights of the plaintiffs to dismiss their cause, and compel them to bring another action involving exactly the same issues, for the purpose of determining the amount of their damages. The cases cited by appellants, viz: *King v. Lawson,* 98 Mass. 309, *Townsend v. VanAspen,* 38 Ala. 572 and *Hyde v. Fraher,* 25 Mo. App. 414, we think sustain appellants' contention, although it is claimed by the respondents that they are not in point.

We think the court erred in dismissing the case, and that it should have proceeded to judgment on the question of damages. The other errors alleged are incidental, and, as they may not occur again at a subsequent trial, we will not notice them here.

The judgment is reversed, and a new trial granted.