[No. 5956.   Decided April 16, 1906.]

LYDIA E. CHEZUM, *Appellant,* v. EDWIN A. CAMPBELL *et al.,*
*Respondents.*[1]

FORCIBLE ENTRY AND DETAINER—WHO MAY MAINTAIN—OCCUPANTS
—TENANT REFUSING TO PROSECUTE.   Under Bal. Code, § 5526, subd. 2,
giving the right to an "occupant" of land to maintain an action of
forcible entry and detainer, a landlord cannot maintain the action
against one who wrongfully enters upon lands occupied by a tenant,
although the tenant refuses to prosecute and surrenders up his lease
to the landlord (FULLERTON, J., dissenting).

Appeal from a judgment of the superior court for King
county, Honorable Fenley Bryan, Judge *pro tempore,* en-
tered March 18, 1905, upon findings in favor of the de-
fendants, dismissing an action of forcible entry and detainer,
after a trial before the court without a jury.   Affirmed.

*J. W. A. Nichols,* for appellant.

*Peters & Powell* and *Marion Edwards,* for respondents.

CROW, J.—This is an action of forcible detainer. Upon
trial without a jury, the court made findings of fact, from
which it appears that the lands in question are fenced in two
parcels, with a traveled road running north and south between
them; that on the eastern parcel is a small frame house which,
during all the times in the findings mentioned and until the
commencement of this action, was vacant; that for the cal-
endar years of 1902, 1903 and 1904, one James Markwell
held a lease of said lands, from the appellant Lydia E.
Chezum; that said Markwell at no time resided thereon, but
that he exercised acts of dominion over said land by cutting
hay in the summers of 1902 and 1903, and from time to
time going thereon to repair fences; that in 1902 he per-
mitted one Hyde to cultivate a garden on the eastern tract;
that in 1903 he gave a like privilege to one Price; that on

1Reported in 85 Pac. 48.

May 7, 1904, the respondent John Smart, while said Mark-
well was in the occupancy of said lands undc his lease, and
during his temporary absence therefrom, entered upon and
began to plow said lands, under an agreement with the re-
spondent Edwin A. Campbell to cultivate the same on shares;
that such entry was made without fraud, intimidation, stealth,
violence, or any circumstance of terror, and without the
knowledge or consent of the appellant Lydia E. Chezum;
that, before said entry by Smart, he told Markwell of his
intention to shortly begin plowing the land under his ar-
rangement with Campbell, to which Markwell replied that
he (Smart) would get into trouble if he did so; that, at
the time Smart entered and began plowing, Markwell was
about one hundred yards away, but not on the land; that
he saw Smart drive upon the land and begin plowing, but
made no remonstrance or effort to prevent him from so
doing; that he did not afterwards endeavor to regain pos-
session, nor did he make any demand on Smart, or any of
the respondents, for possession; that on May 12, 1904, said
Markwell voluntarily, and in writing, surrendered his lease-
hold interest to the appellant Lydia E. Chezum, who on
May 20, 1904, made due demand upon the respondents for
the surrender of said lands to her, which demand has never
been complied with. Upon these findings, conclusions of
law were made favorable to respondents, and a final judg-
ment of dismissal was entered, from which this appeal has
been taken.

The appellant contends that the conclusions of law and
judgment were not warranted by said findings, to which she
took no exception. She insists that the findings made re-
quire the entry of a judgment in her favor. It will be ob-
served that, at the time appellant's tenant Markwell was dis-
possessed by the respondent Smart, he (Markwell) was not
only entitled to, but was in possession of, the land; also,
that his lease from the appellant was not voluntarily sur-

rendered for several days thereafter. This being an action for forcible detainer under Bal. Code, § 5526, subd. 2, appellant's right to recover depends upon the meaning of the word "occupant," as used in said subdivision. The trial court held that it meant only the person in actual possession or occupation. In other words, that in this case it meant the tenant Markwell, and not his landlord, the appellant. Appellant contends that this is too narrow a construction; that the term "occupant" is not limited to one who is in actual personal possession, but also includes one in constructive possession, which she says any owner of land has when there is no actual adverse possession. She further insists that the possession of her tenant is her possession to such an extent as to constitute her an "occupant" in contemplation of the statute. We think the trial court properly construed said section, and that appellant's contention cannot be sustained.

Forcible detainer, as defined in Bal. Code, § 5526, subd. 2, involves, (1) an entry during the absence of the occupant; (2) a demand for surrender by the party dispossessed; and (3) a refusal for three days to surrender to the former occupant. The findings show that an entry was made by Smart during the absence of appellant's tenant, Markwell, who was thus deprived of his previous peaceable possession; but they show that Markwell never afterwards made any demand of Smart for a surrender, and that Smart therefore never refused to surrender possession to the former "occupant," who is identified by the statute as the "one who, for five days next preceding such unlawful entry, was in the peaceable and undisturbed possession of such real property." We do not think this description can be applied to appellant, who, at the time of the entry by Smart, was the lessor of Markwell, her tenant. An occupant is defined by Webster as "one who occupies, or takes possession; one who has the actual use or possession, or is in possession, of a thing." Bouvier, in his Law Dictionary, defines occupant as "one who has the actual

use or possession of a thing." Shumaker & Longsdorf, in their Law Dictionary, in defining "occupant," say: "One who has the actual use or possession of a thing. Occupancy implies the exclusion of every one else from enjoyment. Tenant in possession." See, also, *People v. Ambrecht,* 11 Abb. Pr. 97; *Redfield v. Utica etc. R. Co.,* 25 Barb. 54; *Lechler v. Chapin,* 12 Nev. 65.

Appellant was not an "occupant," as defined in said § 5526, subd. 2, nor was she in the peaceable and undisturbed possession of the real property, as contemplated by said section. As suggested by respondents in their brief, peaceable and undisturbed possession means actual and immediate possession, such possession as a man has of the house in which he lives, or the field he tills, or the land whereon he pastures his cattle. It is not essential that there be a continuous personal presence on the land, but there must be exercised at least some actual physical control, with the intent and apparent purpose of asserting dominion. The words "peaceable" and "undisturbed," when applied to such possession, convey a clear meaning. The true intent of the statute by these words and by the five-day limitation is to exclude a momentary or scrambling actual possession; not to describe a constructive possession.

"An action of forcible entry and detainer is strictly possessory in its nature, and, unless otherwise expressly provided by statute, a person who has never been in possession of land cannot maintain the action to obtain possession. If he has any interest in the land, he must seek to establish it in some other form of action. Generally speaking plaintiff in order to maintain this form of action must allege and prove that he was in peaceful and exclusive possession of the premises in controversy, and that he has been forcibly ousted or that possession was peaceably obtained and forcibly withheld by defendant." 19 Cyc. 1128.

In *Gore v. Altice,* 33 Wash. 335, 74 Pac. 556, this court, in commenting upon the action of forcible detainer, said:

"The forcible entry and detainer law has always been recognized, ever since its enactment, as a law in the interest of peace, or to prevent violations of the peace and acts of violence in contentions over the possession of real property. It is a provision for a speedy determination, not of any title to the real estate, or of the right of possession, but of the question of who was in actual possession, and if such actual possession was disturbed; and the only question is, was the occupant in the actual and peaceable possession of the property at the time the possession was wrested from him? The statute provides that the occupant of real property, within the meaning of the law, is one who, for five days next preceding such unlawful entry, was in the peaceable and undisturbed possession of such real property."

By reason of the fact that the appellant was the landlord, and that her tenant Markwell was in possession, and that she therefore was not the occupant of the land, she was not entitled to prosecute this action, not being the real party in interest.

"When the premises in question are occupied by a tenant, such tenant must bring this action if the premises are forcibly entered upon or detained by third persons. The landlord cannot bring the action; and even though the term of the tenant has expired and he has left the premises, the landlord cannot maintain a forcible entry and detainer, if the entry complained of was made during the tenant's term." 13 Am. & Eng. Ency. Law (2d ed.), 752.

In *Treat v. Stuart*, 5 Cal. 113, the supreme court of California said:

"The plaintiff in an action of forcible entry and unlawful detainer, must show an actual peaceable possession in himself at the time of the entry. A landlord cannot sue in this form in his own name for an unlawful entry upon the possession of his tenant. The remedy is a summary one given by statute to protect the possession and cannot be extended by implication to any others than the real occupants."

In *McKeen v. Nelms.* 9 Ala. 507, the first syllabus reads as follows:

"A landlord who becomes entitled to the possession of premises by the determination of a lease under an arrangement with his tenant, cannot maintain a proceeding for a forcible entry and detainer for an entry made while the tenant was in possession."

In this case it was shown that, in December, 1893, one Carlos Reece went into possession of the premises as lessee of the plaintiff McKeen; that, while he was in possession as such lessee, the defendant Nelms wrongfully dispossessed him. The tenant Reece thereafter surrendered his lease to his landlord, and received back certain notes which he had given for rent. Under the facts shown it further appeared that the tenancy of Reece had not been entirely terminated at the time the defendant seized possession, although he had then conceived the purpose of surrendering the premises to his landlord, and had even commenced to remove his goods. The court held that he was the actual occupant of the land and continued to be such until he yielded up the possession by removing himself, his family and all his goods from the premises. After stating these facts the court, in the body of the opinion, says:

"The facts shown at the trial do not warrant the inference that the tenancy of Reece had ceased at the time the defendant's goods were deposited in the house; such a conclusion is even repelled by the testimony. The tenant, it is true, had conceived the purpose to give up the premises to his landlord, and thus put an end to the lease. He had even began to remove his effects, but the house was still occupied by him—his family and part of his movables were there; and this was quite sufficient to make him the actual occupant until he yielded up the possession by removing himself, family and his property from the premises. There is nothing in the terms of the lease, which reinvested the plaintiff with the possession, upon the determination of the tenant to abandon it, or the removal of a part of his goods in furtherance of his intention. And there is no principle of law which will authorize us, to give to a possession subsequently acquired a retrospective effect, so as to permit the occupant to maintain a complaint for a previous forcible entry. It

results from this view, that the plaintiffs did not show such a state of facts as entitled them to recover in the present proceeding (See 2 Overt. Rep. 233; 3 Dana's Rep. 586)."

In *Emsley v. Bennett,* 37 Iowa 15, the supreme court of Iowa said:

"The facts of actual possession by the plaintiff, and an entry by force, fraud or stealth, or an unlawful detainer by the defendant are the only ones to be determined—and they alone are the matters in issue irrespective of the ownership or right of possession. It is immaterial, also, in what capacity or relation the plaintiff is in possession, whether as owner, tenant, agent, or as a mere 'trespasser. It is the *fact* of possession alone that is material."

In *Hudgen v. Temple,* 12 B. Mon. (Ky.) 198, the supreme court of Kentucky said:

"If Temple [the defendant] entered after the 2d of October, and before the 25th of December, 1849, it was upon the possession in fact, of the tenants of the plaintiff, whose term had not expired, and who alone could maintain this proceeding for such forcible entry. So, likewise, if Temple entered after the expiration of the term of the said tenants, but whilst they still continued upon the plaintiff's land, and before they delivered back the possession to the plaintiff, it would still be but a forcible entry upon them or upon their actual possession, and they alone, and not the plaintiff, in such case, could maintain this proceeding for a forcible entry. Although the tenants by holding over their term, are guilty of a forcible *detainer* of the possession from their landlord, and might by this proceeding, at his instance, be compelled to restore the possession to him, yet a forcible entry in the meantime, upon the premises in the actual possession of the tenants, though after the expiration of their term, is a forcible entry upon them and not upon the landlord, who has not yet regained the possession in fact from his tenants."

In *Hyde v. Fraher,* 25 Mo. App. 414, the syllabus reads as follows:

"In an action of forcible entry and detainer, the question is not, who is entitled to the *possession* of the premises; the

object of the action is, to *restore* things to the state *in which they were* before the forcible entry was made. The *gist* of the action is the forcible entry, and the *object is restitution* to the one dispossessed. If a landlord, after the expiration of a lease, *forcibly* enters upon premises still in the possession of his tenant, the latter can maintain an action of forcible entry and detainer against the former. *Held,* that the landlord, in this case, cannot maintain an action of forcible entry and detainer for the dispossession of his tenant during the term of his lease, after the expiration thereof. Where a tenant is turned out of possession, he alone, and not the landlord, can maintain an action of forcible entry and detainer."

See, also, *Hammel v. Zebelein,* 51 Cal. 532; *Polack v. Shafer,* 46 Cal. 270; *Barlow v. Burns,* 40 Cal. 351; *Conroy v. Duane,* 45 Cal. 597; *Dills v. Justice,* 9 S. W. (Ky.) 290.

When Smart wrongfully dispossessed the appellant's tenant, Markwell, the right of Markwell to an action of forcible detainer was in no way dependent upon the further fact that he (Markwell) was the appellant's tenant. His right of action arose for the reason that for five days preceding the act of Smart he had been in the peaceable and undisturbed possession of the property. He could have maintained an action against Smart irrespective of the question as to whether he himself had during such five days been entitled to possession. His cause of action did not accrue by reason of his right to possession, but from the mere fact that he, having theretofore enjoyed an actual, peaceable possession for five days, was wrongfully dispossessed by Smart. If he had been holding possession wrongfully as against appellant, that fact would not have deprived him of his cause of action against Smart, nor would it have conferred any right of action upon appellant to proceed against Smart. The statute was not enacted for the purpose of either trying title or the right to possession, but for the sole purpose of protecting one's peaceable and undisturbed possession against any other party who, by taking the law into his own hands, might wrest such possession from him. For the reasons above

stated, we think the appellant was not entitled to prosecute this action.

The judgment is affirmed.

MOUNT, C. J., DUNBAR, and HADLEY, JJ., concur.

FULLERTON, J. (dissenting)—I am unable to agree with the conclusion reached in the foregoing opinion. In my judgment it takes too narrow a view of the statutes of forcible entry and detainer. Those statutes were intended as much to operate against one who wrongfully intrudes upon lands, as they were to furnish a summary remedy in favor of one whose possession has been intruded upon. The purposes of all such statutes are beneficial in their nature; they are intended to prevent the forcible or deceitful and tricky entry upon lands held by a doubtful title; tending thereby to preserve the peace and prevent fraud and injustice, by compelling one who asserts the right to possession to show in the courts a better right than the one who has possession. Such statutes ought, therefore, to receive a liberal construction so as to promote the objects for which they were enacted; and hence, when it is made to appear, as it was in this case, that a tenant holding land under lease refuses to prosecute under the statutes one who wrongfully enters upon and wrongfully detains the leased land, and surrenders his right to so prosecute to his landlord, the landlord ought to be permitted to exercise that right.