[No. 12258. Department Two. April 29, 1915.]

# W. M. RIDPATH, *Respondent*, v. LOUIS H. DENEE, *Appellant*.[1]

FORCIBLE ENTRY AND DETAINER — DEFENSES — PARAMOUNT TITLE. Paramount title and right of possession as a homesteader under the laws of the United States, is not an affirmative defense to an action of forcible entry and detainer under Rem. & Bal. Code, § 811, providing that every person who, in the nighttime or during the absence of the occupant of real property, unlawfully enters thereon or who, after demand, refuses for three days to surrender the same, and defining the occupant as one who, for the five days next preceding, was in the peaceable and undisturbed possession of the property, and § 825 expressly limiting the issues in such action to the questions of forcible entry and detainer and occupancy as defined in the act.

SAME—ENTRY — DEFENSES — RIGHTS OF HOMESTEADERS — FEDERAL STATUTES. Our statutes of forcible entry and detainer, Rem. & Bal. Code, §§ 811, 825, are not in conflict with U. S. Rev. Stat., § 2289, authorizing the head of a family to enter a homestead, since Congress has not prescribed the forum for redressing the wrongs of claimants wrongfully dispossessed, but has left the same to local tribunals.

SAME—DEFENSES—PUBLIC LANDS—LAWFULNESS OF ENCLOSURE. 23 Stat. L. 321, 322, to the effect that all enclosures of any public lands of the United States, made by any person having no claim or color of title made in good faith, are unlawful, does not entitle the defendant in an action of unlawful detainer, to show that the plaintiff had enclosed and was in unlawful possession of the land in question, being government land, and was not a qualified homesteader, where it clearly appears that the enclosure was made and possession taken and maintained for twenty years, by the plaintiff and his predecessors in interest, under claim of right and color of title, having purchased the land at a fair price.

SAME—DEFENSES—POSSESSION OF PLAINTIFF—QUESTION FOR JURY. In an action for unlawful detainer, in which defendant claimed that the plaintiff had leased the land and that the lease had not expired, the question of plaintiff's possession was for the jury, where there was evidence that the lease had been surrendered several months previously and plaintiff had resumed actual possession.

[1]Reported in 148 Pac. 15.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered June 22, 1914, upon the verdict of a jury rendered in favor of the plaintiff, in an action of forcible entry and detainer. Affirmed.

*Skuse & Morrill*, for appellant.

*Turner & Geraghty* and *D. W. Henley*, for respondent.

*Voorhees & Canfield*, amici curiae.

MOUNT, J.—This is an action in forcible detainer. The cause was tried to the court and a jury, and resulted in a verdict and judgment of restitution in favor of the plaintiff. The defendant has appealed.

The principal facts under which the controversy arose are as follows: The plaintiff, for more than 20 years prior to the 9th day of March, 1914, was in the peaceable and quiet possession of 75 acres of land in Spokane county. This land was under cultivation and was enclosed by a substantial fence. In the nighttime on March 9, 1914, the appellant, without permission of the plaintiff, broke the enclosure and entered upon the lands. On the next morning, the plaintiff ordered the defendant to remove therefrom, which the defendant refused to do. Thereafter, on the 27th day of March, the plaintiff notified the appellant in writing to remove from the lands. The defendant also refused to comply with this notice for a period of more than three days, whereupon this action was brought. The complaint alleged substantially these facts.

The defendant, in answer to the complaint, denied the plaintiff's peaceable possession as alleged; admitted that defendant was occupying the lands; that he was notified in writing to remove therefrom, and that he had failed and refused so to do. As an affirmative defense, the defendant alleged, in substance, that the lands in question were unsurveyed, unappropriated public lands of the United States, and a part of the public domain, subject to settlement under the homestead laws of the United States; that, on October

30, 1909, the defendant, in good faith, for the purpose of making a homestead entry thereon and acquiring title thereto, made settlement upon the lands in question, has never abandoned the same, and is residing on the lands in good faith under the homestead laws; that, at the time of making said settlement, he was over 21 years of age, a native born citizen of the United States, not the proprietor of more than 160 acres of land in any state or territory, and had never made entry of public lands under the homestead laws of the United States, and was qualified to make settlement upon and entry of public lands and to acquire title thereto; that, at the time the defendant made settlement and established his residence upon the lands, the plaintiff was not in possession of any part thereof, and claimed no right therein; that the plaintiff is now, wrongfully and unlawfully and without any right so to do, attempting to prevent the defendant from maintaining his residence thereon and acquiring title thereto; that the lands described in the complaint are part of a contiguous body of lands containing 1,200 acres, which has never been surveyed by the government of the United States, and has never been disposed of by the government of the United States, but is unsurveyed and unappropriated government lands belonging to the United States, and open for settlement.

 The plaintiff filed a motion to strike this affirmative defense, which motion was granted by the court. The appellant urges that the court erred in striking this affirmative defense, and in refusing to receive evidence of the facts therein stated. The statute, Rem. & Bal. Code, § 811, provides:

"Every person is guilty of a forcible detainer . . . Who in the night-time, or during the absence of the occupant of any real property (unlawfully) enters thereon, and who, after demand made for the surrender thereof, refuses for the period of three days to surrender the same to such former occupant. The occupant of real property within the meaning of this subdivision is one who, for the five days next pre-

ceding such unlawful entry, was in the peaceable and undisturbed possession of such real property."

Section 825 provides:

"On the trial of any proceeding for any forcible entry or forcible detainer, the plaintiff shall only be required to show, in addition to a forcible entry complained of, that he was peaceably in the actual possession at the time of the forcible entry; or in addition to a forcible detainer complained of, that he was entitled to the possession at the time of the forcible detainer."

These statutes are clearly peace statutes, and the issues in a case of this kind are but two: First, was the plaintiff, for five days prior to the entry of the defendant, in the peaceable and actual possession of the land, and second, was the entry of the defendant a forcible entry and an unlawful detainer? The statute makes no provision for the trial of title or the right of possession in such a case. Other remedies are afforded by other statutes to try title or right of possession. This statute does not contemplate that a person, even though he be entitled to possession, may, by force or stealth, obtain possession, and thereby put upon the plaintiff the burden of proving the paramount title or a paramount right of possession. This court, in common with other courts, has frequently so held. *Gore v. Altice,* 33 Wash. 335, 74 Pac. 556; *Chezum v. Campbell,* 42 Wash. 560, 85 Pac. 48; *Meyer v. Beyer,* 43 Wash. 368, 86 Pac. 661; *Dutcher v. Sanders,* 20 Cal. App. 549, 129 Pac. 809.

In *Gore v. Altice,* we said:

"The forcible entry and detainer law has always been recognized, ever since its enactment, as a law in the interest of peace, or to prevent violations of the peace and acts of violence in contentions over the possession of real property. It is a provision for a speedy determination, not of any title to the real estate, or of the right of possession, but of the question of who was in actual possession, and if such actual possession was disturbed; and the only question is, was the occupant in the actual and peaceable possession of the property at the

time the possession was wrested from him? The statute provides that the occupant of real property, within the meaning of the law, is one who, for five days next preceding such unlawful entry, was in the peaceable and undisturbed possession of such real property."

The same, in substance, was held in the other cases cited, *supra*. It follows that the court properly struck the alleged affirmative defense. No case is cited to us which holds that, in a case of forcible detainer, the defendant may prove a paramount title or right of possession as a defense.

It is argued by the appellant that because the statute of the United States, U. S. Rev. Stats., § 2289, authorizes the head of a family and a citizen of the United States to enter a quarter section or less of unappropriated public lands, that therefore the statutes relating to unlawful or forcible detainer are in conflict with the United States statute authorizing the entry of unappropriated government lands, and that the United States statute must prevail over the state statute. It is clear, we think, that there is no conflict between the state statutes and the United States statutes. The United States statutes have made no provision for determining conflicting rights under claim of possession, but the determination of these rights is left to the states to be regulated by state statutes. In *Gauthier v. Morrison*, 232 U. S. 452, it was said:

"Generally speaking, it also is true that it is not a province of the courts to interfere with the Land Department in the administration of the public-land laws, and that they are to be deemed in process of administration until the proceedings for the acquisition of the title terminate in the issuing of a patent. But no interference with that department or usurpation of its functions was here sought or involved. It has not been invested with authority to redress or restrain trespasses upon possessory rights or to restore the possession to lawful claimants when wrongfully dispossessed. Congress has not prescribed the forum and mode in which such wrongs may be restrained and redressed, as doubtless it could, but has pursued the policy of permitting them to be dealt with in the local tribunals according to local modes of procedure. And

the exercise of this jurisdiction has been not only sanctioned by the appellate courts in many of the public-land states, but also recognized and approved by this court. [Citing authorities]."

The question in this case was, whether the respondent was in the peaceable and quiet possession of the real estate at the time of the forcible entry and unlawful detainer. If he was in the peaceable and quiet possession, then it follows, of course, that the appellant could not, by force or by unlawful entry in the nighttime, dispossess him of that peaceable possession. As stated above, neither could the question of title, or the paramount right of possession, be determined in this action. There is clearly no conflict between the Federal and the state laws upon this question.

The appellant attempted to prove that the respondent was in possession of a large tract of unsurveyed government land unlawfully, and that he was not a qualified homesteader. The court excluded this evidence, and this is alleged as error. This contention is based upon § 1 of the act of February 25, 1885, 23 Stat. L. 321, 322, to the effect that all enclosures of any public lands of the United States, made by any person having no claim or color of title made or acquired in good faith, or made with a view to entry thereof at the proper land office, are declared to be unlawful, and are forbidden and prohibited. As we have seen above, it is plain that the legal right of the parties to the possession of these lands cannot be tried in this action. But if the same could be tried, the appellant did not seek to show, either that the respondent was in possession of this particular tract of land without claim of right or color of title, or in bad faith, for it was apparently conceded that the respondent, or his tenant, was in actual possession of the tract of land in dispute, and that the respondent had purchased the land at a fair price and was in possession thereof claiming to be the owner. In *Cameron v. United States*, 148 U. S. 301, it was said, referring to this statute:

"The law, was, however, never intended to operate upon persons who had taken possession under a *bona fide* claim or color of title; nor was it intended that, in a proceeding to abate a fence erected in good faith, the legal validity of the defendant's title to the land should be put in issue. It is a sufficient defense to such a proceeding to show that the lands enclosed were not public lands of the United States, or that defendant had claim or color of title, made or acquired in good faith, or an asserted right thereto, by or under claim made in good faith, . . ."

And in *Wright v. Mattison*, 18 How. 50, in defining what is color of title, the same court said:

". . . A claim to property, under a conveyance, however inadequate to carry the true title to such property, and however incompetent might have been the power of the grantor in such conveyance to pass a title to the subject thereof, yet a claim asserted under the provisions of such a deed is strictly a claim under color of title, . . ."

It follows, therefore, that, even though the respondent had enclosed the land claimed to have been enclosed, such enclosure was not necessarily unlawful, because the enclosure is not prohibited where it is under claim of right or color of title. The record in this case conclusively shows that the respondent was holding the land, which was surrounded by fence, under claim of right and color of title, and he and his predecessors had so held it for more than 20 years.

The appellant also claims that the court erred in refusing to direct a verdict in his favor, for the reason that the respondent had leased the land to one James S. Grant, and that the term of the lease had not expired. There was evidence to that effect, but the respondent and other witnesses testified that the lease had been surrendered several months prior to the unlawful entry by the appellant, and that the respondent, at the time of the unlawful entry, was in the actual possession of the land. This made a question for the jury. The court instructed the jury that, if they found that Mr. Grant was occupying the premises under a written lease, then the

respondent could not maintain the action. Upon this question of fact, the jury found for the respondent. It must be concluded, therefore, that the respondent, and not his tenant, was in the actual occupancy of the land at the time of the unlawful entry.

We find no error in the judgment, and it is therefore affirmed.

MORRIS, C. J., PARKER, HOLCOMB, and CHADWICK, JJ., concur.