[No. 18085.  Department One.  December 15, 1923.]

## C. WYNN, *Appellant*, v. MARY E. VESSEY, *Respondent*.[1]

FORCIBLE ENTRY AND DETAINER (4)—PERSONS ENTITLED TO SUE—
"OCCUPANT"—POSSESSION OF PROPERTY—EVIDENCE—SUFFICIENCY. The
mortgagee of a tenant's interest in a crop, to whom the tenant at-
tempted to deliver possession of the crop, while the tenant still re-
tained possession of the premises, which he expected to abandon,
does not have such an undivided possession of the premises as to
entitle him, as an "occupant" of the property, under Rem. Comp.
Stat., § 811, to maintain an action of forcible entry and detainer
against the landlord, on the latter's taking possession.

Appeal from a judgment of the superior court for
Benton county, Truax, J., entered February 23, 1923,
upon granting a nonsuit, dismissing an action of for-
cible detainer.  Affirmed.

*Wm. L. Waters,* for appellant.

*Henry H. Wende,* for respondent.

HOLCOMB, J.—This appeal is from a nonsuit in a
forcible detainer case.

The action was brought under Rem. Comp. Stat.,
§ 811 [P. C. § 7969], which provides:

"Every person is guilty of forcible detainer who, in
the night time, or during the absence of the occupant
of any real property (unlawfully) enters thereon, and
who, after demand for the surrender thereof, refuses
for the period of three days to surrender the same to
such former occupant.  The occupant of real property
within the meaning of this subdivision is one who, for
five days next preceding such unlawful entry, was in
the peaceable and undisturbed possession of such real
property."

The action was brought upon the theory that, even
though appellant was not the legal tenant, if he had
peaceable and undisturbed possession of the real

[1] Reported in 221 Pac. 295.

property of respondent for five days next preceding the unlawful entry by respondent, he was entitled to dispossess her in this form of action, and that, furthermore, he was accepted as a tenant by respondent.

Appellant insists that the title or the right of tenancy was not in litigation in this case, but only the right of possession at the time of the dispossession, and relies upon the cases of *Gore v. Altice,* 33 Wash. 335, 74 Pac. 556, and *Ridpath v. Denee,* 85 Wash. 322, 148 Pac. 15.

The facts presented by appellant, as plaintiff in the court below, to the court and jury were, in substance, as follows:

One Sherwood had been in possession of the premises from February 21, 1920, under an assignment of a lease by one Keylon from respondent. Sherwood farmed the premises under the provisions of the lease until the latter part of June, 1922, when he desired to abandon the premises. The lease provided that it should not be assigned or sublet without the written consent of respondent, the lessor. Appellant had a mortgage upon the undivided one-half interest on all crops of every nature, and the pasture grown during the year 1922, upon the leased premises. The lease also provided that the title to the crops should remain in the lessor (respondent) until delivered to the nearest shipping point. There was evidence that Sherwood attempted to deliver possession of the crops to appellant on June 20, 1922, but that he continued to work on the place until the 23d or 24th of June, taking care of the irrigation of the crops, keeping part of his household goods, his milch cow and a number of fowls on the place. All the possession, as shown by the evidence, that was ever taken by appellant was attempted possession of the crops, and even that was not undivided possession, for the lessee was still working

upon the crops until June 23. Appellant never had complete possession of the place, but remained at his own home in Grandview, some miles distant, and went out to the place each day to see after the irrigating. That work he commenced to do himself, as he said, on the 23d or 24th of June. On June 27, when he went out to the place to begin cutting hay, respondent already had a man cutting the hay, who had been at work a day or so, and respondent ordered appellant off the place. He, thereafter, on July 1, gave respondent written notice to surrender possession of the place to him within three days, which she refused to do. On the 23d of June, according to appellant's own testimony, both he and respondent were attempting to persuade Sherwood "to stay on the place and harvest the crop."

It is manifest that such limited and divided possession as was shown by appellant is not sufficient possession of real estate to entitle him to dispossess the landlord, who had taken possession after the abandonment of tenancy by her lessee. The mere intention of the tenant to abandon the premises on June 20, and up to June 23, followed by acts in effectuation thereof, does not put an end to possession until actual occupancy was terminated. 11 R. C. L. 1153.

"In a general sense, it may be said that a party is in possession of property when he exercises dominion or control over it, not shared with any other person, and of such a character as owners of like property usually exercise over it." 11 R. C. L. 1146.

We have decided that, where a tenant had conceived the purpose to surrender the premises to his landlord and put an end to the lease, and had begun to remove his effects, but the house was still occupied by him and part of his movables, there was sufficient to make him an actual occupant until he yielded up possession

by removing himself, family and his property from the premises. *Chezum v. Campbell,* 42 Wash. 560, 85 Pac. 48, 7 Ann. Cas. 921.

Holding a chattel mortgage on crops, and a grant of possession thereof by the mortgagor, would give no right to possess the land.

It is manifest, therefore, that appellant was not in such exclusive, peaceable and undisturbed possession of respondent's premises for five days as to give him the right of action under the statute relied upon.

Regardless of the precise reason given by the trial court for taking the case from the jury and granting a nonsuit, the nonsuit was proper. Judgment affirmed.

MAIN, C. J., TOLMAN, PARKER, and MACKINTOSH, JJ., concur.