[No. 4775.   Decided December 5, 1903.]

J. A. GORE, *Respondent,* v. D. J. ALTICE *et al., Appellants.*[1]

FORCIBLE ENTRY AND DETAINER—COMPLAINT—SUFFICIENCY.   Under Bal. Code, § 5526, a complaint in forcible entry and detainer is sufficient when it states that, while plaintiff was in actual possession of the premises, the defendants broke open the enclosures during plaintiff's absence, and by force and violence continue to occupy and refuse to surrender the same.

SAME—TITLE AND RIGHT OF PLAINTIFF—CLAIM OF RIGHT BY DEFENDANT.   In an action of forcible entry and detainer, neither the title or rightfulness of plaintiff's possession, nor the good faith and claim of right of the defendants, are in issue, and evidence thereof is properly excluded.

Appeal from a judgment of the superior court for Kittitas county, Rudkin, J., entered January 27, 1903, upon the verdict of a jury rendered in favor of plaintiff.   Affirmed.

*Pryn & Slemmons,* for appellants.

*C. R. Hovey* and *Graves & Englehart,* for respondent.

DUNBAR, J.—Plaintiff brought this action against the defendants for forcible detainer of certain lands in Kittitas county in this state.   The cause was tried by a jury, and a verdict rendered in favor of the plaintiff.   Judgment was entered and an appeal taken.

A demurrer was interposed to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was overruled.   The overruling of the demurrer is assigned as error.   The complaint alleges, in substance, that the plaintiff was in the actual and peaceable possession of the property in contro-

[1]Reported in 74 Pac. 556.

versy, and that the defendants, during the absence of the plaintiff, entered upon said premises, broke open the enclosures maintained by plaintiff, broke open the door of the dwelling house, and entered therein; that they removed from said house the cooking stove and other personal property possessed by the plaintiff, and situated therein; and by force and violence continued to occupy and remain upon said premises, and refused to peaceably surrender the possession thereof to said plaintiff, after due notice given. Without entering into a discussion of the authorities, we are satisfied that this was a good complaint under the provisions of § 5526, Bal. Code, under which it was properly brought.    That statute provides that

"Every person is guilty of a forcible detainer who either by force, or by menaces and threats of violence, unlawfully holds and keeps the possession of any real property, whether the same was acquired peaceably or otherwise; or who, in the night time, or during the absence of the occupant of any real property, [unlawfully] enters thereon, and who after demand made for the surrender thereof, refuses for the period of three days to surrender the same to such former occupant."

The complaint states all that is necessary under the provisions of the statute.

Nor was there any prejudicial error committed by the court in rejecting defendants' Identification No. 1, which was entirely irrelevant to the issues involved in the case; nor in refusing to permit defendants to go into the question of plaintiff's right of possession, and in not requiring plaintiff to prove the right of possession; nor in excluding testimony of defendants to show that their entry was in good faith under claim of right. The forcible entry and detainer law has always been recognized, ever since its enactment, as a law in the interest of peace, or to prevent violations of the peace and acts of violence in contentions over

the possession of real property. It is a provision for a speedy determination, not of any title to the real estate, or of the right of possession, but of the question of who was in actual possession, and if such actual possession was disturbed; and the only question is, was the occupant in the actual and peaceable possession of the property at the time the possession was wrested from him? The statute provides that the occupant of real property, within the meaning of the law, is one who, for five days next preceding such unlawful entry, was in the peaceable and undisturbed possession of such real property.

This question was discussed in California in the case of *Voll v. Hollis,* 60 Cal. 569. It is alleged by the appellants that the decision in that case was rendered upon an amendment to the statute which had not previously existed in California, and which was different from the statute of this state; but in this we think the appellants are mistaken. The court quotes the section under construction as follows:

"This we think is a proper construction of § 1172, Code Civ. Proc., on this subject, which applies alike to an action for a forcible entry, or for a forcible detainer, which section is as follows: 'On the trial of any proceeding for any forcible entry or forcible detainer complained of, that he was peaceably in the actual possession at the time of the forcible entry or was entitled to the possession at the time of the forcible detainer.'"

Our statute, § 5540, Bal. Code, provides that:

"On the trial of any proceeding for any forcible entry or forcible detainer, the plaintiff shall only be required to show, in addition to a forcible entry complained of, that he was peaceably in the actual possession at the time of the forcible entry; or in addition to a forcible detainer complained of, that he was entitled to the possession at the time of the forcible detainer."

Thus it will be seen that the statutes are essentially similar, and the court in the California case said:

"We cannot see that good faith constitutes an element in a defense to a forcible entry or a forcible detainer under the provisions of the Code of Civil Procedure above referred to; nor that an entry made peaceably and in good faith cuts any figure in a defense to a forcible detainer. In either action the defense is limited as in § 1172, Code Civ. Proc., above cited."

A quotation is there made from *Mitchell v. Davis,* 23 Cal. 381, where it was said:

"If the defendant has any title or right of possession to the land, it must be tried in some action proper for trying such questions, but the present is not an action of that kind. He was not justified in attempting to enforce any such right by taking forcible possession of the land in dispute. He must first deliver up the possession thus forcibly acquired, and then he may be in a situation to litigate in a proper action any valid right or title he may have to the land.    One great object of the forcible entry act is to prevent even rightful owners from taking the law into their own hands, and attempting to recover by violence what the remedial process of a court would give them in a peaceful mode."

And, again, quotes from *McCauley v. Weller,* 12 Cal. 500, where it was said:

"The action of forcible entry and detainer is a summary proceeding to recover possession of premises forcibly or unlawfully detained.    The inquiry in such cases is confined to the actual, peaceable possession of the plaintiff, and the unlawful or forcible ouster or detention by defendant—the object of the law being to prevent the disturbance of the public peace, by the forcible assertion of a private right."

This is the uniform holding of the courts under statutes similar to ours.    These questions are all involved in the

instruction given by the court to the jury in this case, which was a concise and correct presentation of the law. No error was committed by the court in any respect; the questions of fact were submitted to be passed upon by the jury, and the judgment will therefore be affirmed.

FULLERTON, C. J., and MOUNT, HADLEY, and ANDERS, JJ., concur.