[No. 13728. Department Two. May 18, 1917.]

JOHN F. HAYES, *Respondent*, v. L. A. OSBORN, *Appellant*.[1]

FORCIBLE ENTRY AND DETAINER—PARTIAL DISPOSSESSION—RIGHTS OF TENANT. Under a lease giving the owner the right to go upon the premises to perform any work which does not prevent the lessee from carrying out the lease, the owner is guilty of interference with the tenant's enjoyment, warranting an action of forcible entry and detainer, where he put another on the land with stock and farm implements to do work, occupying a vacant house and plowing up pasture the use of which belonged to the tenant.

Appeal from a judgment of the superior court for Grant county, Steiner, J., entered May 10, 1916, upon findings in favor of the plaintiff, in an action of forcible entry and detainer, tried to the court. Affirmed.

*David Herman* and *C. G. Jeffers*, for appellant.
*Daniel T. Cross*, for respondent.

PARKER, J.—This is an action wherein the plaintiff, Hayes, seeks restoration of the possession of premises from the defendant, Osborn, under our forcible detainer statute, Rem. Code, § 811, alleging that the defendant, during the temporary absence of the plaintiff from the premises and without right so to do, entered upon the premises and took and re-

[1]Reported in 165 Pac. 95.

tained possession thereof. Trial in the superior court for Grant county without a jury resulted in findings and judgment in favor of the plaintiff, from which the defendant has appealed to this court.

Respondent was in possession of the premises under a lease containing the following:

"The first party [owner], her assignees, grantees, or heirs have the right to go upon said premises at any time and perform such work thereon as she or they may deem advisable which does not prevent the second party from carrying out this lease."

The provisions of the lease seem to plainly give respondent the right to the possession of all the land and buildings thereon, subject only to this reserved right in the owner. Appellant claims to have gone upon the land as an employee of the grantee of the owner for the purpose of doing work thereon for him. Appellant took with him upon the land stock, farm implements and household goods, and proceeded to occupy a vacant house and outbuildings upon the land, which house and outbuildings were not then being used by respondent, but which he had the right to use under the lease. Appellant also proceeded to plow up some of the pasture land which respondent had the right to use under the lease.

The principal contention made in appellant's behalf is that appellant's acts were not such a material dispossession of respondent, or not such an interference with his right of enjoyment of the premises as support the maintenance of this action, in view of the terms of the lease. As to what extent of interference by a landlord with his tenant's enjoyment of the leased premises will support an action of this nature is sometimes quite difficult of determination, but we think the law is that the dispossession or interference with the tenant's enjoyment of the premises need not be a dispossession of all the premises to entitle the tenant to relief by this kind of an action. It is enough if the tenant is dispossessed of some material part of the premises. Jones, Landlord and Tenant,

§§ 354, 355. The question here is one of fact. We do not see our way clear to interfere with the trial court's conclusion.

The judgment is affirmed.

ELLIS, C. J., MOUNT, FULLERTON, and HOLCOMB, JJ., concur.