[No. 14928.   Department One.   November 20, 1918.]

ISAAC COHEN *et al., Appellants,* v. McKENNA LUMBER
COMPANY *et al., Respondents.*[1]

FORCIBLE ENTRY AND DETAINER (3, 10) — DEFENSES — EVIDENCE —
POSSESSION AND TITLE. In an action of forcible entry and detainer,
evidence is admissible that the premises actually used by defend-
ants, although inclosed in plaintiffs' fences, did not belong to them
because not a part of the lands described in the complaint or notice
to vacate, and the same defeats the action.

Appeal from a judgment of the superior court for
Pierce county, Easterday, J., entered February 5, 1918,
upon findings in favor of the defendants, dismissing
an action for forcible entry and detainer, tried to the
court. Affirmed.

*H. W. Lueders,* for appellants.

*T. W. Hammond* and *H. G. & Dix H. Rowland,* for
respondents.

MACKINTOSH, J.—The appellants, being the owners
of twenty acres described as north half of the north-
west quarter of the southwest quarter of section 5,
township 17 north, range 3 east, W. M., began an ac-
tion of forcible entry and detainer against the re-
spondents, claiming that the respondents had forcibly
entered and were detaining the above described prop-
erty. Upon the trial, evidence was introduced show-
ing that the property actually being used by the re-
spondents was not located in the quarter section owned
by the appellants, but was property which was in-
cluded within the appellants' fences. The admission
of this evidence is complained of by the appellants
for the reason, as they claim, that thereby the title of
property was being tried in an action of forcible entry
and detainer.

[1]Reported in 176 Pac. 1.

It is the established law that, in such an action, the title is not to be litigated. But, as we view the case, a dispute over a boundary line was not being determined, nor was it being determined as to who was entitled to the premises being occupied by the respondents by reason of a better title thereto. The testimony was admissible to show that the respondents were not occupying the property described in the statutory notices and alleged in the complaint as being the property of the appellants. When the testimony developed that the property, although lying within the appellants' fence, was not the property described in their notice to vacate, nor in their complaint, the appellants' case failed, and the court was correct in entering judgment of dismissal.

Judgment affirmed.

MAIN, C. J., CHADWICK, and MITCHELL, JJ., concur.