[No. 20268.   Department Two.   May 2, 1927.]

GEORGE ANGEL, *Appellant*, v. PETER LADAS, *Respondent.*[1]

[1] LANDLORD AND TENANT (126)—UNLAWFUL DETAINER—STATUTORY PROVISIONS. An action for unlawful detainer by a tenant, as defined by Rem. Comp. Stat., § 812, is distinguished from actions of forcible entry and forcible detainer, as defined by Id., §§ 810 and 811, wherein the questions of right to possession and title are excluded.

[2] JUDGMENT (222) — CONCLUSIVENESS — MATTERS ACTUALLY LITIGATED. A judgment in unlawful detainer, in which the tenant claimed part performance of an oral contract for a term of years, adjudging that the tenant held from month to month, determines the tenant's right and title, and is *res adjudicata* in a subsequent action by the tenant in an action for damages for breach of contract to execute a lease for the term agreed upon.

Appeal from a judgment of the superior court for King county, Hall, J., entered December 12, 1924, in favor of the defendant, upon sustaining a motion challenging the sufficiency of the plaintiff's evidence, in an action for damages for breach of contract. Affirmed.

*Frank S. Griffith,* for appellant.

PARKER, J.—The plaintiff, Angel, commenced this action in the superior court for King county seeking recovery of damages from the defendant, Ladas. The theory of Angel's claim of recovery, as we understand his counsel, is that he was induced by Ladas to become his tenant by an oral agreement for the lease of his storeroom for a term of four years, commencing March 9, 1923; that he then entered into the possession of the storeroom and expended a large sum in improving it for a restaurant, for which purpose he intended to use it, with the knowledge and acquiescence of Ladas; that

[1]Reported in 255 Pac. 945.

Ladas refused to execute a written lease as promised; and that Ladas, by notice and unlawful detainer proceedings, terminated the tenancy and recovered possession of the storeroom at the expiration of the fourth month of the tenancy, upon the theory that it was only an oral tenancy from month to month. The case proceeded to trial in the superior court sitting with a jury. At the conclusion of the introduction of the evidence, counsel for Ladas, by appropriate motions, challenged the sufficiency of the evidence to support any recovery by Angel, asked the court to so decide as a matter of law and render judgment accordingly. The court granted these motions and rendered final judgment denying to Angel any recovery, from which he has appealed to this court.

[1, 2] One of the grounds upon which the trial court awarded dismissal in favor of Ladas was that the judgment rendered in the unlawful detainer action became *res judicata* against Angel, precluding his recovery as prayed for in this action. The controlling facts touching this ground of the court's decision may be summarized as follows: Twenty days prior to July 9, 1923, Ladas caused to be duly served upon Angel notice of the termination of the tenancy, in the same notice making demand upon Angel that he surrender possession of the storeroom on that day, that being the day of the expiration of the fourth month of the tenancy. The notice was given in pursuance of Rem. Comp. Stat., § 812, subd. 2 [P. C. § 7970], relating to the termination of tenancies and recovery of real property under our unlawful detainer statute. The notice and demand not being complied with by Angel, Ladas, on July 10, 1923, commenced an unlawful detainer action in the superior court for King county seeking recovery of possession of the storeroom. That action,

in due time, proceeded to trial upon the merits, both Ladas and Angel appearing personally and by counsel, and evidence being introduced in behalf of each, at the conclusion of which the court made findings and conclusions of law in favor of Ladas and against Angel and rendered final judgment awarding possession of the property to Ladas; the court finding that the defendant was a tenant from month to month; that the rent periods began and ended on the 9th day of each calendar month; that the rent reserved was $125 per month; and that notice of termination of the tenancy and demand for the possession of the premises was served upon Angel as above noticed; the conclusions of law and the judgment being, in substance, that thereby the tenancy was terminated and that Ladas became entitled to the possession of the storeroom as against his tenant, Angel, on July 9, 1923.

It is to be noticed that that action was prosecuted and judgment rendered therein as one of "unlawful detainer," not one of "forcible entry" or of "forcible detainer." Therefore, it was not an action to merely protect peaceable possession from wrongful entry, but was an action to obtain possession from one who had rightfully entered. Our forcible entry and detainer and unlawful detainer statutes, so far as necessary to notice this distinction, are as follows:

"Every person is guilty of a forcible entry who either,—

"1. By breaking open windows, doors, or other parts of a house, or by fraud, intimidation, or stealth, or by any kind of violence or circumstance of terror, enters upon or into any real property; or

"2. Who, after entering peaceably upon real property, turns out by force, threats, or menacing conduct the party in actual possession." Rem. Comp. Stat., § 810 [P. C. § 7968].

"Every person is guilty of a forcible detainer who either,—

"1. By force, or by menaces and threats of violence, unlawfully holds and keeps the possession of real property, whether the same was acquired peaceably or otherwise; or

"2. Who in the night-time, or during the absence of the occupant of any real property [unlawfully] enters thereon, and who, after demand made for the surrender thereof, refuses for the period of three days to surrender the same to such former occupant. The occupant of real property within the meaning of this subdivision is one who, for the five days next preceding such unlawful entry, was in the peaceable and undisturbed possession of such real property." Rem. Comp. Stat., § 811 [P. C. § 7969].

"A tenant of real property for a term less than life is guilty of unlawful detainer either,—   . . .

"(2)   When he having leased property for an indefinite time, with monthly or other periodic rent reserved continues in possession thereof, in person or by subtenant, after the end of any such month or period, in cases where the landlord, more than twenty days prior to the end of such month or period, shall have served notice (in manner in this act provided), requiring him to quit the premises at the expiration of such month or period. . . .  " Rem. Comp. Stat., § 812.

These considerations, it seems to us, render it plain that there was involved in that action the right of possession. Indeed, counsel for Angel concedes this much in his brief. Thus, we think, the action is distinguishable from one of "forcible entry" or "forcible detainer," wherein the question of the right of possession, as well as the question of title, is excluded from consideration. Thus, by the very nature of our unlawful detainer action, it seems to us that the right of possession upon Ladas taking steps looking to the termination of the tenancy was necessarily involved;

which right depended upon whether or not Angel was in possession under a lease for a term of four years or under a lease the term of which was from month to month. Counsel for Angel cites a number of our cases bearing upon the question of part performance, seemingly with a view of demonstrating that Ladas had the right to retain possession of the storeroom as under a written lease for the term of four years; that is, having made, as he claims, an oral contract to that effect, he was, because of part performance, entitled to be regarded as holding under such lease, which was not subject to termination, as attempted by Ladas. So it seems to us that the right of Ladas to hold as under a four year lease was necessarily adjudicated against him by the judgment of the court rendered in the unlawful detainer action.

Some argument is made in behalf of Angel that he was not privileged to raise such defense in the unlawful detainer action, and therefore we must assume that it was not raised in that action. The specific finding of the court therein that Angel was holding under a month to month tenancy seems to indicate that it was raised. However, this contention, viewed apart from that finding, would have some ground to rest upon, had that been a "forcible entry" or "forcible detainer" action wherein neither the title nor the right of possession could have been drawn in question. But it seems to us that, where the right of possession can be and necessarily is drawn in question, as we think it was in that action, the final judgment rendered therein became a final adjudication of such right as against Angel. Our earlier decisions in *Phillips v. Port Townsend Lodge, No. 6, F. & A. M.,* 8 Wash. 529, 36 Pac. 476, and *Bond v. Chapman,* 34 Wash. 606, 76 Pac. 97, contain observations which may seem to not be wholly in har-

mony with this view, but we think, when critically read in the light of the facts and what was therein actually decided, they are not of controlling force against our present view, as applicable to this controversy. Neither were *Gore v. Altice,* 36 Wash. 335, 74 Pac. 556, *Ridpath v. Denee,* 85 Wash. 322, 148 Pac. 15, *Cohen v. McKenna Lumber Co.,* 104 Wash. 245, 176 Pac. 1, and *Sunday v. Moore,* 135 Wash. 414, 237 Pac. 1014, unlawful detainer cases, but were forcible entry or forcible detainer cases, wherein neither title nor right of possession could be drawn in question.

We conclude that the judgment must be affirmed. It is so ordered.

MACKINTOSH, C. J., TOLMAN, and ASKREN, JJ., concur.