[No. 22733. Department One. December 5, 1930.]

JOHN RANDOLPH, *Respondent*, v. PETE HUSCH, *Appellant*.[1]

*Grady & Velikanje*, for appellant.
*McAulay & Freece*, for respondent.

TOLMAN, J.—This is an action in forcible detainer. The plaintiff had judgment below in accordance with the prayer of his complaint, and the defendant has appealed.

The governing facts are but little in dispute, and may be sufficiently summarized as follows: The land

[1]Reported in 294 Pac. 236.

involved is twenty acres of orchard, with no buildings thereon except a pump house. No one actually lived upon the land at any of the times here involved. For two years preceding the matters complained of, the respondent had possession and operated the orchard under an unacknowledged and unrecorded lease. In the latter part of December, 1929, respondent had removed the wood from the premises which he claimed as his own, and most of his tools, but had left thereon a trailer, which was used in season to haul fruit out of the orchard; also, a few ladders and, perhaps, some small tools in the pump house, which he kept locked. There were, also, some timbers used as props left on the place, but it is doubtful whether they belonged with the place or were the property of the tenant.

On December 30, 1929, the owners caused to be served upon the respondent a notice terminating the tenancy on December 31, 1929. After the service of this notice, respondent removed the remainder of his wood and some tools from the premises; and his possession thereafter, if any, was by reason of his retaining the key to the pump house lock, the presence on the premises of his trailer and, perhaps, some ladders, and his visiting the place at frequent intervals up until the time appellant made his entry.

On January 7, 1930, appellant entered into a contract with the owners to purchase the land and thereafter entered into possession, removed the respondent's lock from the pump house and substituted a lock of his own, and about February 1, 1930, began to prune the orchard. Thereafter, respondent made a demand upon appellant for the possession of the premises; and that demand being uncomplied with for a period of three days, this action was instituted.

The statute, Rem. Comp. Stat., § 811, under which relief is sought, so far as here applicable, reads:

"Every person is guilty of a forcible detainer who either, . . .

"(2) Who in the night-time, or during the absence of the occupant of any real property [unlawfully] enters thereon, and who, after demand made for the surrender thereof, refuses for the period of three days to surrender the same to such former occupant. The occupant of real property within the meaning of this subdivision is one who, for the five days next preceding such unlawful entry, was in the peaceable and undisturbed possession of such real property."

Appellant seeks to distinguish this case from a case of forcible entry under the statute, and argues that respondent was not an occupant of the property, in that he had voluntarily vacated upon receipt of the notice to terminate his tenancy, and that the owner had full legal right to take peaceable possession and transfer that possession to his vendee. · It is also urged that, while title or right of possession cannot be tried in a case involving forcible entry, yet that right of possession may and must be tried out in forcible detainer actions. This argument is based upon the wording of Rem. Comp. Stat., § 825, which reads:

"On the trial of any proceeding for any forcible entry or forcible detainer, the plaintiff shall only be required to show, in addition to a forcible entry complained of, that he was peaceably in the actual possession at the time of the forcible entry; or in addition to a forcible detainer complained of, that he was entitled to the possession at the time of the forcible detainer."

It has long been a settled rule in forcible entry cases that the right of possession is not an issue; and in these cases to which we are about to refer, though most of them were forcible entry cases, the language used rather strongly indicates the intention to make no distinction between forcible entry and forcible detainer. .

Appellant urges that the last clause of the statute last above quoted requires that such a distinction

should be made; and that, by the words "that he was entitled to the possession," the plaintiff in a forcible detainer action must show a legal right to the possession in him.

If this were the first time we were called upon to construe the statute, the logic of the appellant would be very appealing, but the statute has been on the books for many years and we have repeatedly used language which indicates the view that the rule to be applied is the same in both forcible entry and forcible detainer cases. In *Gore v. Altice,* 33 Wash. 335, 74 Pac. 556, Judge Dunbar, speaking for the court, said:

"The forcible entry and detainer law has always been recognized, ever since its enactment, as a law in the interest of peace, or to prevent violations of the peace and acts of violence in contentions over the possession of real property. It is a provision for a speedy determination, not of any title to the real estate, or of the right of possession, but of the question of who was in actual possession, and if such actual possession was disturbed; and the only question is, was the occupant in the actual and peaceable possession of the property at the time the possession was wrested from him? The statute provides that the occupant of real property, within the meaning of the law, is one who, for five days next preceding such unlawful entry, was in the peaceable and undisturbed possession of such real property."

In *Ridpath v. Denee,* 85 Wash. 322, 148 Pac. 15, after quoting the two sections of the statute which we have just quoted, Judge Mount, speaking for the court, said:

"These statutes are clearly peace statutes, and the issues in a case of this kind are but two: First, was the plaintiff, for five days prior to the entry of the defendant, in the peaceable and actual possession of the land, and second, was the entry of the defendant a forcible entry and an unlawful detainer? The statute makes no provision for the trial of title or the right of possession in such a case. Other remedies are afforded

by other statutes to try title or right of possession. This statute does not contemplate that a person, even though he be entitled to possession, may, by force or stealth, obtain possession, and thereby put upon the plaintiff the burden of proving the paramount title or a paramount right of possession. This court, in common with other courts, has frequently so held. *Gore v. Altice,* 33 Wash. 335, 74 Pac. 556; *Chezum v. Campbell,* 42 Wash. 560, 85 Pac. 48; *Meyer v. Beyer,* 43 Wash. 368, 86 Pac. 661; *Dutcher v. Sanders,* 20 Cal. App. 549, 129 Pac. 809.''

*Chezum v. Campbell,* 42 Wash. 560, 85 Pac. 48, 7 Ann. Cas. 921, cited in the *Ridpath* case, was a forcible detainer action and it was there said:

''When Smart wrongfully dispossessed the appellant's tenant, Markwell, the right of Markwell to an action of forcible detainer was in no way dependent upon the further fact that he (Markwell) was the appellant's tenant. His right of action arose for the reason that for five days preceding the act of Smart he had been in the peaceable and undisturbed possession of the property. He could have maintained an action against Smart irrespective of the question as to whether he himself had during such five days been entitled to possession. His cause of action did not accrue by reason of his right to possession, but from the mere fact that he, having theretofore enjoyed an actual, peaceable possession for five days, was wrongfully dispossessed by Smart. If he had been holding possession wrongfully as against appellant, that fact would not have deprived him of his cause of action against Smart, nor would it have conferred any right of action upon appellant to proceed against Smart. The statute was not enacted for the purpose of either trying title or the right to possession, but for the sole purpose of protecting one's peaceable and undisturbed possession against any other party who, by taking the law into his own hands, might wrest such possession from him.''

*Cohen v. McKenna Lumber Co.,* 104 Wash. 245, 176 Pac. 1, also in general language treats the rule as being

applicable to both forcible entry and forcible detainer cases.

In *Sunday v. Moore,* 135 Wash. 414, 237 Pac. 1014, Judge Fullerton, speaking for the court, made the broad statement:

"One may not lawfully enter upon property of which he has the undoubted right of possession and forcibly detain it from one who has been in possession of it peaceably and undisturbed for five days immediately prior to such entry."

The case of *Angel v. Ladas,* 143 Wash. 622, 255 Pac. 945, treats of the distinction between forcible entry and forcible detainer cases on the one hand and unlawful detainer cases on the other. Again, the court, by the language used, denied the right to litigate title or right of possession in both forcible entry and forcible detainer cases.

Moreover, California has a statute worded almost identical with our own and having exactly the same meaning and effect as the language used in our Rem. Comp. Stat., § 825; and, in *Dutcher v. Sanders,* 20 Cal. App. 549, 129 Pac. 809, the District Court of Appeals of California squarely held that, in forcible detainer actions, the title and right of possession could not be tried out.

We conclude, therefore, that the trial court was right in holding that respondent was, on the question of possession, only required to show that he was, for the period of five days next preceding appellant's entry, in the peaceable and undisturbed possession of the property.

Did the respondent so show? In a case such as this where no one dwells upon the property, the question of intent enters to a considerable degree. There is nothing tending to show an intent to abandon the property on the part of respondent, and his posses-

sion apparently was the usual and ordinary possession which a tenant has of cultivated lands during the dormant season. As said in *Chezum v. Campbell, supra*:

"As suggested by respondents in their brief, peaceable and undisturbed possession means actual and immediate possession, such possession as a man has of the house in which he lives, or the field he tills, or the land whereon he pastures his cattle. It is not essential that there be a continuous personal presence on the land, but there must be exercised at least some actual physical control, with the intent and apparent purpose of asserting dominion. The words 'peaceable' and 'undisturbed', when applied to such possession, convey a clear meaning. The true intent of the statute by these words and by the five-day limitation is to exclude a momentary or scrambling actual possession; not to describe a constructive possession."

We think the evidence justifies the holding that respondent was in such peaceable and undisturbed possession of the property in question immediately prior to the entry of the appellant.

The judgment appealed from is therefore affirmed.

MITCHELL, C. J., HOLCOMB, PARKER, and MAIN, JJ., concur.