[No. 32016. Department Two. August 21, 1952.]

PRIESTLEY MINING AND MILLING COMPANY, *Respondent*, v. LENOX MINING AND DEVELOPMENT COMPANY, *Appellant*.[1]

[1]Reported in 247 P. (2d) 688.

*George F. Ward* and *W. W. Felger,* for appellant.

*Tracy E. Griffin, Kenneth P. Short,* and *Paul R. Cressman,* for respondent.

OLSON, J.—Defendant has appealed in this forcible detainer action brought to obtain possession of eighteen mining claims. The claims were located by defendant in 1940, and are contiguous to a group of twenty-seven claims it previously had located and leased to plaintiff. The entire group of forty-five claims is situated in a mountainous area. They are located in five rows of nine claims each. Those in the most northerly and the most southerly rows are the eighteen involved in this case.

The court found that, since 1942, plaintiff was in "peaceable and undisturbed physical or constructive possession" of each of the forty-five claims; that defendant unlawfully entered upon the nine most northerly claims during plaintiff's absence; that defendant's entry was made under a wrongful claim of ownership, and was contrary to plaintiff's rights under its lease of the twenty-seven claims, which had been extended to include the eighteen claims; that defendant refused to surrender possession to plaintiff for more than three days after proper demand, and was guilty of forcible detainer.

Judgment was entered restraining defendant from entering the claims except for purposes permitted under the lease. It was ordered that a writ of restitution issue and that plaintiff recover one dollar and costs. The nominal sum was awarded because the court found that the claims had some rental value for the period of defendant's posses-

sion, the amount of which could not be determined from the evidence.

Counsel are in agreement that this is a forcible detainer action under Laws of 1891, chapter 96, § 2, p. 179 [cf. Rem. Rev. Stat., § 811(2), and RCW 59.12.020(2)]:

"Every person is guilty of a forcible detainer . . . 2. Who in the night time, or during the absence of the occupant of any real property, enters thereon, and who, after demand made for the surrender thereof, refuses for the period of three days to surrender the same to such former occupant. The occupant of real property within the meaning of this subdivision is one who for the five days next preceding such unlawful entry was in the peaceable and undisturbed possession of such real property."

Defendant submits that, in such an action, questions of title and right to possession are excluded from consideration, and that the only questions there can be are whether plaintiff was in actual possession of the claims and, if so, whether defendant disturbed that possession. This court has often stated that such is the rule. The statute is one enacted to prevent violations of the peace in disputes over the possession of real estate, regardless of the claim of right or title under which the entry is made. *Gore v. Altice,* 33 Wash. 335, 74 Pac. 556 (1903); *Randolph v. Husch,* 159 Wash. 490, 294 Pac. 236 (1930), and cases cited. See *Commercial Waterway District No. 1 v. Larson,* 26 Wn. (2d) 219, 228, 173 P. (2d) 531 (1946). Plaintiff need only show that it was in the actual peaceable and undisturbed possession of the property for five days next preceding defendant's entry. RCW 59.12.140 [cf. Rem. Rev. Stat., § 825]; *Randolph v. Husch, supra,* p. 495.

Defendant argues that plaintiff failed to prove that it was in actual possession of the claims. We do not agree with this contention. The entire group of forty-five contiguous claims was treated by plaintiff and defendant as one tract of land. For many years, plaintiff did the development and assessment work required to hold the forty-five claims. Plaintiff built a camp on the north nine claims, and its employees were on these claims daily, when plaintiff was working on any of the claims in the group. Even though

the south nine claims were seldom visited by anyone, they, too, were part of the single tract the entire group composed.

Plaintiff's possession was actual in the same sense that any tract of land defined by definite boundaries, be it a farm or a group of contiguous mining claims in a mountainous area, as are these, is possessed or occupied by the farmer or miner. Actual continuous physical presence on each portion of a tract of land is not required to establish the possessory right the cited statute is intended to protect. Some actual physical control, with the intent and apparent purpose of asserting dominion, is sufficient. *Randolph v. Husch, supra,* p. 496. In fact, defendant's answer, asserting plaintiff's possession of twenty-seven of these claims under the lease, appears to be based upon this same rule.

The entire group of forty-five claims being one tract, the entry by defendant upon some of them, admitted in its answer and further amplified by the evidence, is an entry upon the tract. Plaintiff was not required to show that defendant dispossessed it of all the premises. To maintain this action, proof of its dispossession of some material part of the property is sufficient. *Hayes v. Osborn,* 96 Wash. 342, 343, 165 Pac. 95 (1917).

There is ample proof that defendant failed to surrender the claims after proper notice, which completes the establishment of the essential requirements of plaintiff's forcible detainer case. The issuance of a writ of restitution and entry of judgment in a nominal sum in favor of plaintiff were proper.

Remaining for consideration are defendant's assignments of error pertaining to its allegation that the eighteen claims in question were not included in the lease to plaintiff, to support its position that it entered these claims as owner.

Defendant has established, as we have related, that such an issue is improper in an action for forcible detainer. However, in this case, it was tendered by defendant in its answer. It was joined by plaintiff in its reply by an affirmative allegation that defendant is estopped to deny that plaintiff is lessee of the entire group of forty-five claims. A litigant

should not and cannot successfully urge on appeal that an issue tendered by its answer, by which it appeared generally in the action, should or could not have been considered by the trial court.

It is not necessary to state these claims of error in detail. They assert that the oral and defectively executed extension of the lease is within the statutes of frauds. But, if these contentions be granted, defendant cannot prevail. The facts of this case require that principles of equitable estoppel be invoked, with the ultimate result that the extension of the lease is taken out of these statutes.

The evidence clearly and unequivocally establishes that plaintiff took possession, built a camp upon, and performed work for the benefit of the eighteen claims, in reliance upon the extension of the lease on definite terms. Many writings in evidence, including a list of the claims attached to the lease, and statements made by officers and counsel for defendant, some of them under oath, would justify such action by plaintiff. The necessary annual proofs of labor, executed and filed jointly by plaintiff and defendant, state that plaintiff did this work as lessee. Defendant retained its title by and under these documents. This work was part of the inducement prompting the extension of the lease. It goes to its entire term, and is a benefit to the lessor aside from the rent reserved. This is such part performance as will sustain the inclusion of the eighteen claims in the lease for its entire term. *Mobley v. Harkins,* 14 Wn. (2d) 276, 283 *et seq.,* 128 P. (2d) 289 (1942), and cases cited. *Labor Hall Ass'n v. Danielsen,* 24 Wn. (2d) 75, 97, 163 P. (2d) 167 (1945), and cases cited.

Defendant's additional assignments of error are foreclosed by this conclusion, or are otherwise found to be without merit.

The trial court declined to determine the limits of defendant's rights, if any, to enter the claims as lessor. If such entry occurs, any controversy it may cause cannot be anticipated and settled now.

The judgment is affirmed.

SCHWELLENBACH, C. J., HILL, HAMLEY, and FINLEY, JJ., concur.