[No. 34231. Department Two. June 27, 1957.]

IRA AESCHLIMAN *et al., Appellants,* v. TOM CHRYST, *Respondent.*[1]

*Clegg & Hickman,* for appellants.

*J. D. McMannis,* for respondent.

PER CURIAM.—This is an appeal from a judgment entered in favor of respondent upon findings of fact and conclusions of law, based upon stipulated facts, in an action for forcible detainer instituted pursuant to RCW 59.12.020 (2). The parties are farmers who for several years have occupied adjoining farms in Whitman county. It is admitted by the pleadings that appellants made a statutory demand upon respondent for possession of the land in question more than three days prior to the commencement of the action, and that respondent refused to comply therewith.

[1] Reported in 313 P. (2d) 367.

The facts set forth in a written stipulation are substantially as follows:

Plaintiffs farmed the nine and one-half acres here in dispute for many years as part of their farm. In the fall of 1955, defendant began to fence off a portion of the tract in dispute. In the spring of 1956, plaintiffs removed fencing as put in by defendant in the fall of 1955. About May, 1956, defendant advised Wayne Aeschliman, as agent of plaintiffs, that he was going to put the fence back on the line and ordered plaintiffs to stay off the property. Since that time, a controversy has existed between the parties as to who had the right to the land in question.

On September 25, 1956, after a conference between the parties, at which they failed to agree, defendant caused another fence to be erected along the east line of the disputed tract. This fence was erected in the absence of plaintiffs from the property. Plaintiffs summer-fallowed the cultivated portion of the tract in dispute in the summer of 1956, and weeded and fertilized in September, 1956, prior to the twenty-fifth thereof. Neither defendant nor anyone else ordered plaintiffs to stay off of, or not to go upon, the disputed tract at any time in September, 1956, up to the 25th, and no one interfered with plaintiffs' summer-fallowing, weeding, and fertilizing operations. Except for acts of fencing, defendant has made no noticeable physical use of the disputed tract, including, in particular, cultivation, pasturing, or the raising of crops during the summer and fall of 1956, up to September 25th. Neither party lived on the disputed tract. In the event the court finds for plaintiffs, damages in the amount of thirty-five dollars shall be assessed. This stipulation is for this action only, and shall not constitute an admission of any fact in any other action.

Appellant urges that the following finding of fact and conclusion of law are contrary to the foregoing stipulated facts:

"THAT the possession of the Plaintiffs has not been peaceable and undisturbed for five (5) days prior to the 25th day of September, 1956, but has been of a scrambled, momentary, and forcible nature since the month of May, 1956, when

Plaintiffs forcibly removed the fence as installed by said Defendant, and were advised by said Defendant to keep off the property herein described which Defendant claimed as his property."

"THAT the Plaintiffs have failed to establish their possession was peaceable and undisturbed as by law required, and that said action be and same is hereby ordered dismissed with costs to Defendant."

In our opinion, the stipulated facts do not support this finding, nor does the latter support the conclusion. The facts as stipulated show that appellants were in possession of the parcel of land in dispute for several years prior to the fall of 1955, at which time respondent began to fence off a portion of it. There is no showing that either a portion or all of the tract in dispute was ever, in fact, entirely fenced off by respondent. In the spring of 1956, appellants removed the fence which respondent had erected. In May, 1956, respondent advised appellants that he intended to replace the fence, and ordered them to stay off the property. Since May, 1956, there has been a controversy between the parties as to who had the right to the disputed tract, and, during the summer of 1956, appellants summer-fallowed and cultivated a portion of the tract. In September, 1956, prior to the 25th (the date upon which respondent erected a fence in the absence of appellants), they had weeded and fertilized it. No one interfered with appellants' farming operations prior to September 25th, nor did anyone order them to stay off the property after May, 1956. On September 25, 1956, after an unsuccessful conference, respondent built a fence across the property in appellants' absence.

The issue is whether respondent is guilty of forcible detainer as defined in subdivision (2) of RCW 59.12.020, which reads:

"A person is guilty of forcible detainer . . . (2) Who in the nighttime, or during the absence of the occupant of real property enters thereon, and who, after demand made for the surrender thereof, refuses for the period of three days to surrender it to the former occupant. The occupant of real property within the meaning of this subdivision is one who, for the five days next preceding the unlawful entry,

was in the peaceable and undisturbed possession of the real property."

This statute was recently considered by this court in *Priestley Mining & Milling Co. v. Lenox Mining & Development Co.*, 41 Wn. (2d) 101, 247 P. (2d) 688. See, also, *Randolph v. Husch*, 159 Wash. 490, 294 Pac. 236, and cases cited therein.

Under the admissions in the pleadings and the facts set forth in the stipulation, we hold that the trial court erred in finding that appellants' possession for five days prior to September 25, 1956, was not peaceable and undisturbed within the meaning of the statute. It seems to us that the stipulated facts compel a contrary finding, and consequently, appellants are entitled to the relief prayed for.

The judgment is reversed, with directions to issue a writ of restitution and award appellants damages in the stipulated amount.